## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Michael Chicosky, | Civil Action No.: 4:19-cv-88 |
| Plaintiff, | |
| v. | |
| First Advantage Corporation, | **COMPLAINT**<br>**JURY** |
| Defendant. | |

For this Complaint, the Plaintiff, Michael Chicosky, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.     The Plaintiff, Michael Chicosky ("Plaintiff"), is an adult individual residing in Houston, Texas and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.     The Defendant, First Advantage Corporation ("FAC") is a New York business entity with an address of 1 Concourse Parkway NE, Suite 200, Atlanta, Georgia 30328. FAC is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the

term is defined by 15 U.S.C. § 1681(a)(u).  FAC is regularly engaged in the business of

assembling, evaluating, and dispersing information concerning consumers for the purpose of

furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6.    Plaintiff applied for a job at Lowes.

7.    On November 30, 2018, Lowe's submitted Plaintiff's information to Defendant

for a background screening report.

8.    On December 3, 2018, Defendant performed the background screening report,

which included a criminal records search, and furnished the results to Lowe's.

9.    Upon Lowes's receipt of the report, Plaintiff was informed that he could not work

for Lowe's due to criminal activity contained in the report.

10.    According to the report, Plaintiff had a drug trafficking charge.

11.    However, the information provided by Defendant to Lowe's is inaccurate. The

charge was actually a minor traffic offense.

12.    The inaccurate report contains damaging information to Plaintiff's character and

reputation.

13.    In addition to being denied employment, Plaintiff has suffered actual damages in

the form of harm to reputation and emotional distress, including anxiety, frustration,

embarrassment and humiliation.

14.    Defendant failed to take any steps to verify the accuracy of the information

contained in Plaintiff's report before furnishing it to Lowe's.

15.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

18.     In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

19.     Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

20.     These failures directly caused the denial of Plaintiff's application for an apartment with Canterbury, which has damaged Plaintiff.

21.     As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    A.  Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

    B.  Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    C.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    D.  Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

       and

    E.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 10, 2019

                                  Respectfully submitted,

                                  By */s/ Jody B. Burton*_____

                                  Jody B. Burton, Esq.
                                  CT Bar # 422773
                                  LEMBERG LAW, L.L.C.
                                  43 Danbury Road, 3rd Floor
                                  Wilton, CT 06897
                                  Telephone:  (203) 653-2250
                                  Facsimile:  (203) 653-3424
                                  E-mail: jburton@lemberglaw.com
                                  Attorneys for Plaintiff